UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60800-CIV-SINGHAL

GREGORY PARSLEY, DDS,

      Plaintiff,

v.

GREAT-WEST LIFE & ANNUITY
INSURANCE COMPANY,

      Defendant.

_____/

## OPINION AND ORDER

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss (the "Motion") (DE [4]), filed on April 26, 2022. Plaintiff filed a Response on May 9, 2022 (DE [8]). Defendant filed a Reply on May 11, 2022 (DE [9]). The Motion is now ripe for this Court's consideration.

### I.    BACKGROUND

This is a breach of contract action regarding a disability income policy (the "contract" or "policy") issued by Defendant Great-West Life & Annuity Insurance Company to Plaintiff Gregory Parsley, DDS. *See* Compl., at 8 (DE [1-1]). Plaintiff pleads he has provided Defendant with evidence of care by physicians and healthcare providers showing receipt of care by Plaintiff for a condition causing his disability. *Id.* at 9. On July 19, 2013, Plaintiff filed a claim with Defendant claiming sickness due to end stage kidney failure. *Id.* Defendant denied the claim and Plaintiff filed an appeal that was denied on March 1, 2014. *Id.* Plaintiff filed another appeal that was subsequently denied on November 19, 2014. *Id.* Plaintiff pleads that neither denial was designated a final denial or final decision. *Id.* Plaintiff filed a third appeal on February 11, 2019, which was denied

March 7, 2019. *Id.; see* Response, at 1. Plaintiff filed a fourth appeal that was denied April 15, 2019, which Plaintiff alleges constitutes the final decision. *See* Response, at 1.

Plaintiff alleges he suffered and continues to suffer from a disability within the policy issued to him due to his illness. *Id.* Plaintiff alleges he complied with all conditions precedent to filing suit, and Defendant is indebted to Plaintiff for monthly payments and interest under the terms of the contract of insurance. *Id.* at 9. Plaintiff additionally alleges Defendant has breached the implied covenant of good faith, fair dealings, and commercial reasonableness. *Id.* Plaintiff seeks judgment awarding all contract benefits, prejudgment interest, costs, and attorney's fees. *Id.* at 10.

## II.   <u>LEGAL STANDARD</u>

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions . . . a formulaic recitation of the cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face."  *Id.* at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The Court may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) when the allegations in the complaint indicate the existence of an affirmative defense, such as statute of limitations, so long as the defense clearly appears on the face of the complaint."  *Allstate Insurance Company v. Country Club Apartments*, 2012 WL 13008297, at *2 (S.D. Fla., 2012) (citing *Quiller v. Barclays American/Credit, Inc.*, 727

F.2d 1067, 1069 (11ᵗʰ Cir. 1984); *Del Monte Fresh Produce Co. v. Dole Food Co.*, 136 F. Supp. 2d 1271, 1293–94 (S.D. Fla. 2001)).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)).  However, "the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, "undisputed" means that the authenticity of the document is not challenged." *Day v. Taylor*, 400 F.3d 1272, 1276 (11ᵗʰ Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11ᵗʰ Cir. 2002)). And "a document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [this Court] may consider such a document . . . ." *Id.* (cleaned up).

Courts must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).  However, pleadings that "are no more than conclusions are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.

## III.    DISCUSSION

Defendant raises several arguments in its Motion. First, Defendant contends that Illinois law controls the disposition of this action pursuant to the choice-of-law provision in the contract. *See* Motion, at 6. Second, Defendant asserts that, under Illinois law, the

parties to a contract may agree on a shortened contractual limitations period to replace the default statutory limitations period so long as it is reasonable. *Id*. at 6–7; *see Canada Life Assur. Co. v. Salwan*, 817 N.E. 2d 1021, 1027 (Ill. Ct. App. 2004); *Country Preferred Ins. Co. v. Whitehead*, 979 N.E. 2d 35, 43 (Ill. 2012). Defendant continues, the limitations period of three years in the contract is reasonable because Illinois courts have allowed for shorter contractual limitations periods in insurance policies. *See* Motion, at 6–7; *see, e.g.*, *Cramer v. Ins. Exch. Agency*, 675 N.E. 2d 897, 905 (Ill. 1996) (finding one-year limitations period reasonable). Defendant points out that the contract states:

> No legal action may be started by the insured Member: (1) prior to the date of the Company's final decision on the appeal; nor (2) more than three years after the date of the Company's final decision on the appeal.

(DE [1-1], at 24). Defendant contends Plaintiff's appeal was finally decided on March 31, 2014. *See* Motion, at 7–8. Thus, according to Defendant, Plaintiff was required to initiate a lawsuit within three years of March 31, 2014. *Id.* Plaintiff argues the present lawsuit is time barred because it was initiated eight years later on April 1, 2022. *Id.* Moreover, Defendant adds, even if the limitations clock began running on the date of the second or third appeal denial letters (November 19, 2014 and March 7, 2019), this present action is nevertheless time-barred. *Id.* Defendant further argues that nothing in the appeal denial letters indicates that the original March 31, 2014 claim determination was anything other than a final decision denying coverage. *Id.* at 8.

Plaintiff responds by noting that he mistakenly referred to denial of the third appeal as being dated April 15, 2019 when it was actually dated March 7, 2019. *See* Response, at 1–2. Plaintiff points out that he submitted a fourth appeal that was denied on April 15, 2019, which Plaintiff argues constitutes the final decision on his claim. *Id.* Plaintiff does not dispute whether Illinois law controls the disposition of this action nor whether the three-year limitations period in the contract is valid under Illinois law. *Id.* at 2. Rather,

4

Plaintiff contends that the primary issue at this stage is when the "final decision" denying his claim occurred. *Id.* According to Plaintiff, disposition of this issue requires discovery and expert witness testimony regarding finality and what is common in the industry. *Id.* Plaintiff cites *Wilson v. Everbank, N.A.*, 77 F. Supp. 3d 1202, 1206 (S.D. Fla. 2015) for the proposition that dismissal under Rule 12(b)(6) on statute of limitations grounds is only appropriate if it is apparent on the face of the complaint that the claim is time-barred, and if it appears beyond a doubt that Plaintiff can proffer no facts that toll the statute. Plaintiff contends it is improper to resolve a statute of limitations issue at the motion to dismiss stage because the issue of what constitutes a "final decision" on coverage denial cannot be decided without the benefit of discovery. *See* Response, at 4–5.

Defendant replies arguing that this issue can properly be decided at the motion to dismiss stage because review of the Complaint and referenced correspondence leaves no doubt that the final decision on Plaintiff's claim was issued to Plaintiff well over three years (limitations period) before the instant action was filed. *See* Reply, at 2–3. Defendant contends this Court, at the motion to dismiss stage, may properly consider the correspondence referenced by the Complaint because they are central to Plaintiff's claim and their authenticity is not in question. *Id.* According to Defendant, each of the letters referenced in the Complaint re-affirms the original claim determination that the insurance contract terminated prior to the onset of Plaintiff's disability. *Id.* at 3–4. Moreover, according to Defendant, these letters unambiguously show that this earlier decision was a final decision on Plaintiff's claim. *Id.* Thus, according to Plaintiff, no additional discovery is necessary on this issue because the cited correspondence makes clear Defendant issued a final decision to Plaintiff more than three years prior to the filing of the instant action. *Id.* at 4. To hold otherwise, Plaintiff suggests, would contravene Illinois law, which

prohibits insureds from reviving stale claims by simply resubmitting the same for appeal. *Id.* at 4–5.

### A.  Consideration of Correspondence Referenced by Complaint

At the motion to dismiss stage, a court may consider a document attached to a motion to dismiss if the attached document is (1) central to the plaintiff's claim and (2) undisputed, meaning its authenticity is not challenged. *Day*, 400 F.3d at 1276. And critically, such a document need not be physically attached to the complaint if the complaint clearly incorporates it by reference. *Id.* (cleaned up). Here, the Complaint references several pieces of correspondence sent from Defendant to Plaintiff: 3/1/2014 appeal denial letter; 11/19/2014 appeal denial letter; 3/7/2019 appeal denial letter; and 4/15/2019 appeal denial letter. *See* Compl., at 9 (DE [1-1]); *see* Response, at 1. In Defendant's Motion, Defendant attached several pieces of correspondence sent from Defendant to Plaintiff, including the above-referenced 11/19/2014 appeal denial letter (DE [4-1], at 7) and the above-referenced 3/7/2019 appeal denial letter (DE [4-1], at 10). Defendant additionally attaches earlier correspondence from Defendant to Plaintiff, including a 3/31/2014 appeal denial letter, an 8/2/2013 letter from Defendant to Plaintiff informing Plaintiff that Defendant "[is] unable to consider your claim for benefits" (DE [4-1], at 13); and a 4/1/2014 letter to the Illinois Department of Insurance (DE [4-1], at 14). In Plaintiff's Complaint, Plaintiff references his submission of a claim to Defendant on 7/19/2013, but does not indicate the date of Defendant's response (DE [1-1], at 9).

All the foregoing documents undoubtedly appear to be central to Plaintiff's claim. Plaintiff challenges whether each of the pre-4/15/2019 letters from Defendant constituted a "final decision" on Plaintiff's insurance policy claim appeal. In Plaintiff's view, they did not and the 4/15/2019 letter represented the actual "final decision." Second, Plaintiff, in

his Response, does not challenge the authenticity of any of the attached correspondence in Defendant's Motion. Accordingly, the Court finds that it may properly consider the aforementioned correspondence at this phase of the litigation. However, in an abundance of caution, the Court will only consider those pieces of correspondence both referenced in Plaintiff's Complaint and attached in the Motion: the 11/19/2014 appeal denial letter (DE [4-1], at 7) and the 3/7/2019 appeal denial letter (DE [4-1], at 10).[1]

### B. Whether Correspondence Proves Date of Final Decision

Next, the Court must determine whether Defendant's proffered statute of limitations affirmative defense appears on the face of the pleadings and materials incorporated by reference such that this action cannot be maintained as a matter of law. Upon review of the 11/19/2014 and 3/7/2019 letters, the Court finds these letters re-affirmed Defendant's original claim decision that the contract had expired prior to the onset of Plaintiffs disability. Thus, these letters make clear that the actual final decision on Plaintiff's appeal occurred no later than November 19, 2014. The 11/19/2014 letter states, in pertinent part, that "**our determinations regarding the termination of your coverage** effective July 1, 2011 **remains unchanged** . . . . We are in no way minimizing the severity of your medical condition, Dr. Parsley, but we have no alternative but to **maintain our denial of benefits** based on the fact that there was no coverage in effect at the time your total disability commenced . . . ." (DE [4-1], at 7–8). This language unambiguously indicates that Defendant is maintaining its prior claim determination. As such, this letter constitutes a final decision on the appeal because it definitively denies the appeal and gives no indication that there will be further consideration of the appeal.

---

[1] The Court notes that Plaintiff cites a 3/1/2014 appeal denial letter as well. See Compl. (DE [1-1], at 9). Defendant did not offer a letter with this exact date in its Motion. It is unclear whether this is a typographical error. Nevertheless, consideration of this letter is unnecessary for the reasons discussed *infra*.

The subsequent 3/7/2019 letter represents denial of another appeal filed by Plaintiff on the claim determination. At bottom, Plaintiff's legal theory that it can revive a stale claim by requesting that the defendant modify its final decision, and then argue the response to that request constitutes the actual final decision, is at odds with Illinois law. *See Sims-Hearn v. Off. of Med. Exam'r, Cnty. of Cook*, 834 N.E. 2d 505, 512 (Ill. Ct. App. 2005), *overruled on other grounds* (rejecting "as untenable, plaintiff's argument that defendant's letter refusing to modify its conclusion in its initial report constituted the relevant date for calculating the statute of limitations period [under Illinois' Tort Immunity Act]. Based on this logic, plaintiff could have tolled indefinitely the statute of limitations period by merely resubmitting requests to defendant to modify its conclusion."); *Vala v. Pac. Ins. Co.*, 695 N.E. 2d 581, 584 (Ill. Ct. App. 1998) ("The period of time between plaintiff's receipt of defendant's denial and the reaffirmation of its denial does not constitute time that can be tolled. The tolling ceased upon the date of the original (and never rescinded) denial . . . ."). Therefore, the Court finds that Defendant's statute of limitations affirmative defense does appear on the face of the pleadings and materials incorporated by reference. Plaintiff's cause of action is time-barred by the policy because this action was commenced more than three years after Defendant's final decision on Plaintiff's appeal of his claim determination.

Accordingly, it is hereby **ORDERED and ADJUDGED** that Defendant's Motion to Dismiss (DE [4]) is **GRANTED**. **THIS CAUSE** is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to **CLOSE** this case, and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 29th day of June 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF